**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JACQUELINE AGEE** | ) | |
| | ) | No. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **JURY DEMAND** |
| | ) | |
| **CITY OF CALUMENT CITY**, a unit of | ) | |
| Local government and **THADDEUS** | ) | |
| **JONES**, in his individual capacity | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Jacqueline Agee (Plaintiff), through her attorneys, KULWIN,

MASCIOPINTO & KULWIN, L.L.P., states her complaint against defendants the

City of Calumet City (Calumet City), a unit of local government, and Calumet City

Mayor Thaddeus Jones (Mayor Jones) in his individual capacity.

## Introduction

1.      Plaintiff brings this action against Calumet City and Mayor Jones

(Defendants) to redress acts of retaliation in violation of the First Amendment to

the United States Constitution pursuant to 42 U.S.C. § 1983.

2.      As alleged below, Defendants failed to re-appoint and/or discharged

Plaintiff pursuant to a policy and practice of political retaliation with the

knowledge, approval and acquiescence of Calumet City officials.

## Jurisdiction and Venue

3.     This Court has jurisdiction over Count I under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343.

4.     This Court has jurisdiction over Count II under the Court's supplemental jurisdiction as codified in 28 U.S.C. §1367(a).

5.     Venue is proper in this judicial district under 28 U.S.C. §1391 because all events giving rise to Plaintiff's claims occurred within this district.

## Parties

6.     Plaintiff Jacqueline Agee (Plaintiff) worked for Calumet City within this judicial district.

7.     Mayor Jones is sued in his individual capacity. During the relevant time period, Mayor Jones was the elected Mayor of Calumet City.

8.     During the relevant time period, Mayor Jones had final policymaking authority and/or was delegated with final policymaking authority for Calumet City.

9.     Mayor Jones acted under color of law.

10.     During the relevant time period, Mayor Jones was acting within the scope of his employment.

11.     Calumet City is a municipality incorporated under the laws of the State of Illinois.

12.     Calumet City is sued as Plaintiff's employer, as indemnitor under 745 ILCS 10/9-102 and for injunctive and equitable relief.

13. During the relevant time period, Defendants were acting pursuant to a policy, custom and/or practice of political retaliation in violation of the rights of freedom of association under the First and Fourteenth Amendments to the United States Constitution.

**Facts**

14. In or about July 2017, Mayor Michelle Qualkinbush (Mayor Qualkinbush) appointed Plaintiff to work for Calumet City in the Office of Professional Standards and as the Freedom of Information Act (FOIA) Officer.

15. When Plaintiff was appointed, she was informed her term ended on April 30, 2021.

16. Plaintiff's appointment was approved by the Calumet City council.

17. In her work as the FOIA Officer, Plaintiff was responsible for receiving and responding to requests for public records.

18. In her work as the FOIA Officer, Plaintiff has no discretion in responding to FOIA requests and was required to strictly follow the FOIA statute.

19. In her work in the Office of Professional Standards, Plaintiff was responsible for investigating complaints submitted by employees or other interested parties and making recommendations to the Mayor and city council.

20. In her work in the Office of Professional Standards, Plaintiff lacked the authority to impose sanctions or take corrective action regarding any complaints submitted to the Office of Professional Standards.

21.     At all times, only the Mayor and city council had the authority and responsibility to make any and all decisions on what, if any, action to take regarding any complaints submitted to the Office of Professional Standards.

22.     At all times, the Mayor and city council were free to ignore and disregard any recommendations Plaintiff made regarding complaints submitted to the Office of Professional Standards.

23.     At all times, in her work for Calumet City, Plaintiff lacked the responsibility and/or discretion necessary for political loyalty to be an appropriate job qualification for her positions.

24.     At all times, Plaintiff's work for Calumet City was not that of a policymaker or decisionmaker.

25.     At all times, Plaintiff supervised no employees.

26.     At all times, Plaintiff lacked authority to hire or fire subordinates.

27.     At all times, Plaintiff lacked fiscal responsibilities, such as managing a budget and purchasing inventory, equipment or supplies.

28.     At all times, Plaintiff was highly qualified and experienced to work as the FOIA Officer and/or to work in the Office of Professional Standards.

29.     At all times, Plaintiff met or exceeded Calumet City's legitimate employment expectations.

30.     In 2021, Mayor Qualkinbush ran for reelection of Mayor of Calumet City. The election occurred on April 5, 2021.

31.     The mayoral race was contested and Mayor Qualkinbush's opponent was Mayor Jones.

32.     During the relevant time period, Plaintiff actively and openly supported Mayor Qualkinbush's candidacy for mayor.

33.     For example, Plaintiff volunteered at Mayor Qualkinbush's campaign headquarters, publicly distributed campaign materials for the Qualkinbush campaign and actively voiced her support of Mayor Qualkinbush.

34.     Mayor Jones knew and should have known of Plaintiff's active support for Mayor Qualkinbush.

35.     For example, one of the candidates on Mayor Jones' campaign ticket witnessed Plaintiff handing out Qualkinbush campaign materials at a polling place on election day.

36.     During the campaign, animosity developed between the Qualkinbush campaign and the Jones campaign.

37.     Mayor Jones won the election.

38.     On May 1, 2021, Mayor Jones was sworn into office.

39.     After Mayor Jones was sworn into office, several employees who were associated with and/or supported Mayor Qualkinbush resigned from their positions.

40.     However, Plaintiff continued to work for Calumet City.

41.     On May 7, 2021, Plaintiff attended a mandatory Zoom meeting for Calumet City employees.

42. On May 11, 2021, Plaintiff met with Mayor Jones Chief of Staff.

43. During the relevant time period, Defendants implemented a policy of retaliation against Mayor Qualkinbush's supporters including the termination, demotion and harassment of employees who were associated with and/or supported Mayor Qualkinbush.

44. For example, based on Plaintiff's observations and on information and belief, Defendants terminated, demoted, transferred and investigated employees based on their political allegiance to Mayor Qualkinbush and not on the basis of merit, budget or performance.

45. On May 17, 2021, Mayor Jones informed Plaintiff he refused to re-appoint her to the FOIA Officer position.

46. Defendants had no legitimate non-political reason for refusing to re-appoint Plaintiff.

47. Defendants had no legitimate political reasons for refusing to re-appoint Plaintiff.

48. Mayor Jones appointed a friend and political ally to replace Plaintiff as the Calumet City FOIA Officer.

49. Mayor Jones had no legitimate non-political reasons for replacing Plaintiff as the Calumet City FOIA Officer.

50.     For these and other reasons, in violation of Plaintiff's First Amendment and Fourteenth rights, Defendants refused to re-appoint Plaintiff based on her political support for and affiliation with Mayor Qualkinbush and not on the basis of merit, budget or performance.

51.     Defendants' refusal to re-appoint Plaintiff was retaliatory in violation of the First Amendment based upon her political affiliation and association.

52.     The Constitutional violations alleged above were caused in part by the customs, policies, and practices of the Defendants, as promulgated, enforced, and disseminated by the Defendants, whereby the institutions and individuals charged with ensuring that employment decisions are not based on political factors, among other things, fostered an atmosphere where political favoritism were unlawfully used in making employment decisions.

## <u>COUNT I</u>
### (Section 1983 First Amendment Retaliation)

53.     Plaintiff re-alleges the paragraphs above.

54.     The First Amendment protects a wide-spectrum of free speech and association, including a public employee's right to free association and to support or not support political candidates of their own choosing.

55.     Plaintiff engaged in the exercise of her rights under the First Amendment by supporting, associating and affiliating with Mayor Qualkinbush and not Mayor Jones.

56. Plaintiff's First Amendment activity did not adversely affect the efficient administration of public service and was not an essential function of her job duties or responsibilities.

57. For these reasons, and others, Defendants unlawfully retaliated against Plaintiff for the exercise of her First Amendment rights.

58. Defendants intentionally subjected Plaintiff to unequal and retaliatory treatment by refusing to re-appoint her for political reasons.

59. Defendants' actions reflect a policy, custom, or pattern of official conduct of engaging in and condoning retaliation against individuals based in violation of the First Amendment.

60. Defendants' actions violated Plaintiff's rights guaranteed under the First Amendment and secured under 42 U.S.C. § 1983.

61. Defendants' actions were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights guaranteed under the First Amendment and secured under 42 U.S.C. § 1983.

62. Defendants' actions caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

WHEREFORE, Plaintiff seeks the following relief as to Count I:

A.      All wages and benefits Plaintiff would have received but for the retaliation, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B.      Compensatory damages in an amount to be determined at trial;

C.      A permanent injunction enjoining the Defendants from engaging in the retaliatory practices complained of herein;

D.      A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of 42 U.S.C. § 1983, and further requiring that Defendants adopt and initiate effective remedial actions to ensure equal treatment and non-retaliation of employees;

E.      The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

F.      Punitive damages as allowed by law as against the individual defendants;

G.      Reasonable attorneys' fees, costs, and litigation expenses; and

H.      Such other relief as the Court may deem just or equitable.

## COUNT II
### (Indemnification)

53.      Plaintiff re-alleges the paragraphs above.

54.      Pursuant to 745 ILCS 10/9-102, Calumet City is empowered and directed to pay any judgment for compensatory damages (and any associated attorney fees and costs) for which an independently elected Calumet City official, including but not limited to Mayor Jones, acting within the scope of his employment, is found liable.

55. The acts and/or omissions of Mayor Jones was committed within the scope of his employment with Calumet City.

56. In the event that a judgment for compensatory damages is entered against Mayor Jones, Calumet City must pay the judgment as well as the associated attorney fees and costs.

WHEREFORE, Plaintiff respectfully requests that defendant Calumet City be directed and ordered to pay any judgment rendered against individually named officials and employees of Calumet City.

### PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,

KULWIN, MASCIOPINTO & KULWIN, LLP

By: s/ Jeffrey R. Kulwin
   Attorney for Plaintiff

Jeffrey R. Kulwin
KULWIN, MASCIOPINTO & KULWIN, L.L.P.
161 North Clark Street, Suite 2500
Chicago, Illinois 60601
T: 312-641-0300
E: jkulwin@kmklawllp.com